IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JASON YERK, | : |
| Plaintiff, | : |
| v. | : Case No. 2:09-cv-00537-JES-SPC |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, a Virginia not-for-profit corporation, | : |
| Defendant. | : |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
BASED UPON JUDICIAL ESTOPPEL
AND SUPPORTING MEMORANDUM**

Defendant hereby respectfully moves for summary judgment pursuant to Fed. R. Civ. Pro. 56 based upon the pleadings and affidavit of Plaintiff herein and petition, amendment, file, and Order of Confirmation in Bankruptcy Case No. 9:09-bk-01818-ALP in the U.S. Bankruptcy Court of this District on the ground that there is no genuine issue of material fact as to the application of the doctrine of judicial estoppel to bar this action due to Plaintiff's inconsistent statements under oath in Case No. 9:09-bk-01818-ALP (M.D. Fla.), concealing this lawsuit as an asset in his Chapter 13 bankruptcy proceeding and that under precedent of the U.S. Court of Appeals for the Eleventh Circuit, Defendant is entitled to judgment as a matter of law.

WHEREFORE, Defendant prays that summary judgment be awarded in favor of Defendant and that this action be dismissed with prejudice.

**STATEMENT OF MATERIAL FACTS**

1. Plaintiff filed his Complaint here on August 14, 2009, seeking only the recovery of monetary damages.

2. In his Complaint, Plaintiff alleged that he entered into a contract with Defendant in October 2008 when he provided information substantiating a report of unlawful animal abuse, which contract was breached on November 4, 2008, by revealing his name and/or other identifiable information as a witness to the Lee County Sheriff's Office (LCSO) (Complaint ¶¶ 5-9). Premised on this alleged breach, Plaintiff sought monetary damages for not concealing his identity as a witness to a crime under legal theories in 8 different counts. Plaintiff has filed an affidavit in support of his claim (Doc. 24-2).

3. Plaintiff was a Deputy Sheriff with LCSO, who, in reality, resigned when he was charged with lying under oath based on his own inconsistent statements and admissions in an internal affairs investigation of the reported animal abuse, wherein he had denied speaking as witness to Defendant (see Doc. 15).

4. Following the alleged breach of contract in November 2008, Plaintiff filed on January 31, 2009, a Voluntary Petition under Chapter 13 for bankruptcy in Case No. 9:09-bk-01818-ALP (M.D. Fla.) with assistance of counsel (Ex. 1).[1] In issue in this motion are his inconsistent statements under oath in that proceeding concealing this lawsuit as an asset.

5. In Schedule B – Personal Property (Ex. 1), Plaintiff answered "None" as to whether he had:

> 21. Other contingent and unliquidated claims of every nature. . . .

---

[1] The Court may take judicial notice of the bankruptcy filings. *See Jenkins v. Wells Fargo Bank, N.A.*, 2009 U.S. Dist. LEXIS 123634, n.1 (E.D. Mich. 2009).

At the conclusion of the schedule, Plaintiff signed a Declaration concerning Debtor's Schedules attesting under oath to the correctness of the schedules. Plaintiff listed a total of non-priority unsecured debt of $66,834.

6. In the Statement of Financial Affairs (Ex. 1), Plaintiff answered "None" to:

> 4. List all suits and administrative proceedings to which debtor is . . . a party. . . .

At the conclusion of the Statement, Plaintiff declared under oath that the answers were true and correct.

7. Part of the Voluntary Petition (Ex. 1) was Official Form 22C, Chapter 13, Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income. On January 4, 2010, Plaintiff filed an amendment to that Form (Ex. 2) but made no amendment to disclose this lawsuit. His bankruptcy case then proceeded through the confirmation hearing.

8. Despite the existence of the alleged claims herein at the time that Plaintiff filed the Voluntary Petition Under Chapter 13, Plaintiff did not disclose the claims in the bankruptcy proceeding. Nor did Plaintiff disclose his lawsuit after it was filed on August 14, 2009, over 7 months ago.

9. On March 30, 2010, the Bankruptcy Court entered the Order Confirming Plan (Ex. 3), indicating a repayment plan of $130 for 60 months ($7,800), with a $1,000 payment to Plaintiff's attorney and a minimum distribution to unsecured creditors of $6,000.

## MEMORANDUM

### A. Recent Applicable Precedent

Very recently, in *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269 (11th Cir. 2010), the Eleventh Circuit applied judicial estoppel for non-disclosure of a lawsuit filed during a bankruptcy proceeding, even though the plaintiff had completed her Ch. 13 repayment plan and fully repaid the creditors. In *Robinson*, the plaintiff filed for Ch. 13 bankruptcy and commenced her repayment plan. Several years later, she sued the defendant for discrimination. Nine months later, plaintiff completed her Chapter 13 repayment plan by full monetary repayment of the creditors. When the defendant later discovered the failure to disclose the lawsuit in bankruptcy, it moved to apply judicial estoppel.

**Judicial Estoppel Test**

The court set forth the established test for judicial estoppel in the Eleventh Circuit as follows:

> The seminal case in the Eleventh Circuit on the theory of judicial estoppel is *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002). Incorporating the standards enumerated by the Supreme Court, *Burnes* outlined two primary factors for establishing the bar of judicial estoppel. "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Id.* at 1285. *Burnes* recognized that these factors are not exhaustive; rather, courts must always give due consideration to the circumstances of the particular case. See *id.*

*Id.* at 6. Judicial estoppel was recognized by the court as a discretionary doctrine reviewed for abuse of discretion.

4

**Duty of Disclosure**

The court held that the plaintiff had a continuing duty to amend and disclose her assets in a Ch. 13 proceeding:

> Our court has emphasized the importance of full and honest disclosure in bankruptcy proceedings, stating that it is "crucial" to the system's "effective functioning." *Id.* A debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court. 11 U.S.C. §§ 521(1), 541(a)(7). "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather the debtor must amend [her] financial statements if circumstances change." *Burnes*, 291 F.3d at 1286. This duty applies to proceedings under Chapter 13 and Chapter 7 alike because "any distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of judicial estoppel because the need for complete and honest disclosure exists in all types of bankruptcies." *De Leon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003).
>
> * * *
>
> It is undisputed that a pending lawsuit seeking monetary compensation qualifies as an asset. *Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268 (11th Cir. 2004). It is also undisputed that such an asset qualifies as property of the bankruptcy estate. 11 U.S.C. § 1306; *Waldron*, 536 F.3d at 1242. As a result, when Robinson filed her claim against Tyson while her bankruptcy was still pending, the claim vested in the bankruptcy estate and Robinson had a duty to notice the suit to all creditors. See 11 U.S.C. § 1303; *In re Mosley*, 260 B.R. 590, 595 (Bankr. S.D. Ga. 2000). Therefore, we find that Robinson had both a statutory and court ordered duty to amend her asset schedules to reflect her claims against Tyson.

*Id.* at 6-7. Thus, Plaintiff Yerk clearly had a duty to disclose his lawsuit here.

5

**Inconsistent Positions Under Oath**

The court held that "failure to timely amend a Chapter 13 reorganization plan to reflect a pending claim while simultaneously pursuing the claim in another court constitutes inconsistent positions under oath." The court further stated:

> By failing to update her bankruptcy schedule to reflect her pending claim, Robinson represented that she had no legal claims to the bankruptcy court while simultaneously pursing her legal claim against Tyson in the district court. These actions, both taken under oath, are clearly inconsistent. Therefore, in accordance with *Ajaka*, Robinson took inconsistent positions under oath and the issue of judicial estoppel centers on her intent.

*Id.* at 10. Plaintiff Yerk's actions are identical.

**Mockery of the Judicial System/"Possibility" of Defrauding Court**

The court further held that the necessary intent could be inferred from the record. Like here, the plaintiff obviously had knowledge of her claims. Even though the plaintiff had completed full repayment of creditors, the court focused on the nine month prior period of time after she had brought her lawsuit and failed to amend to disclose it, before plaintiff completed the repayment. The court found that the plaintiff had an expectation of a recovery (whether or not she had received any monies or the recovery was speculative; had she settled her case during that time she could have kept the proceeds for herself). **Importantly, the court held that "judicial estoppel does not require that the nondisclosure lead to a different result in the bankruptcy proceeding" and that the motive to conceal that is in issue "stems from the possibility of defrauding the courts and not from any actual fraudulent result."** Plaintiff failed to disclose the lawsuit as a change in assets during a period when repayment was a legitimate issue and had a motive

6

to conceal to keep the settlement proceeds for herself and therefore judicial estoppel applied.

Notably, in explaining how the intent factor is analyzed on summary judgment, the court stated:

> "In considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is **'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment**." Barger v. City of Cartersville, 348 F.3d 1289, 1295-96 (11th Cir. 2003).

*Id.* at 10-11. As explained in the concurring opinion, if the plaintiff had knowledge of the suit/claims and at least a "theoretical motive" to conceal, then the mockery-of-the-judicial-system prong is satisfied under Eleventh Circuit precedent.

Plaintiff Yerk here has a confirmed plan for reduced repayment, has had knowledge of the lawsuit, has concealed it, and has the same motive to keep the proceeds for himself so that the same inference of intent is supported by the record as in *Robinson*. This is further supported by *Casonova v. Pre Solutions, Inc.*, 228 Fed. Appx. 837 (11th Cir. 2007), where the court applied judicial estoppel where plaintiff filed EEOC charges, then filed and dismissed a Ch. 13 bankruptcy petition, and later brought a discrimination lawsuit. Even though plaintiff had dismissed the bankruptcy case and the lawsuit was not filed until thereafter, the court held that when it was filed, plaintiff failed to disclose the EEOC charge as "other contingent and unliquidated claims," that plaintiff stood to gain by concealing the claims, and judicial estoppel barred his lawsuit. "That Plaintiff later dismissed the bankruptcy case does not alter this analysis because the relevant inquiry is his intent *at the time of nondisclosure*."

Moreover, in *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289 (11th Cir. 2003), the plaintiff filed an EEOC charge in 1999, filed a voluntary petition for Ch. 13 bankruptcy in 2000, and filed a discrimination lawsuit in 2001. Plaintiff (like here) never amended his petition in bankruptcy to list the suit as an asset. Like here, the bankruptcy court entered an order confirming a Chapter 13 plan. The court held that a motive existed to secret assets in the Ch. 13 proceeding:

> De Leon filed for bankruptcy under Chapter 13 through which his debts would be discounted and repaid. However, a financial motive to secret assets exists under Chapter 13 as well as under Chapter 7 because the hiding of assets affects the amount to be discounted and repaid. *Burnes* made no distinction based on the type of bankruptcy at issue. We also conclude that any distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of judicial estoppel because the need for complete and honest disclosure exists in all types of bankruptcies. **Accordingly, we hold that the rule established in *Burnes*, that judicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court where the plaintiff both knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court, applies equally in Chapter 13 bankruptcy cases.**

*Id.* at 1291. The court also held that where plaintiff "knew about his claim and possessed a motive to conceal it because his amount of repayment would be less," his intent to make a mockery of the judicial system is inferred. The court rejected argument as to inadvertence of the omission:

> Despite De Leon's continuing duty to disclose all assets or potential assets to the bankruptcy court, he did not amend his bankruptcy documents to add a potential employment discrimination claim until after Comcar relied on it in its motion to dismiss the case.

*Id.* at 1291-1292.

As in *Robinson*, there are also additional specific circumstances in this case which support the application of judicial estoppel. As shown in Defendant's Motion to Dismiss or, in the alternative, for summary judgment (see Doc. 15 and 27), it is undisputed that Plaintiff lied under oath by inconsistent statements and admissions in a Lee County Sheriff Office internal affairs investigation and was so charged and resigned and is attempting to sue Defendant PETA here for supposedly breaching an alleged oral contract to conceal Plaintiff's identity as a witness to animal abuse. Plaintiff's entire claim here is clearly contrary to public policy where he seeks to sue Defendant PETA for truthfully revealing in a law enforcement investigation his identity as a witness, while Plaintiff Yerk lied by making inconsistent statements under oath in that investigation and also made inconsistent statements under oath in his bankruptcy case concealing his claims herein. Accordingly, Plaintiff's claim here is barred both by public policy against his alleged claim of an oral contract to conceal (rather than truthfully disclose) his identity as a witness to animal abuse and by his inconsistent statements concealing his claims in bankruptcy.

B.   **Seminal Case**

In *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002), described as the "seminal" case in *Robinson*, the plaintiff filed a Ch. 13 bankruptcy petition and six months later filed an EEOC charge, followed later by a lawsuit. Plaintiff never amended his Chapter 13 schedule of assets or statement of financial affairs.[2] The court recognized that Ch. 13 provides for an ongoing repayment process:

---

[2] When plaintiff later converted to Ch. 7, he also failed to report the lawsuit.

> Chapter 13 allows a portion of a debtor's future earnings to be collected by a trustee and paid to creditors. A Chapter 13 debtor does not receive a discharge of his debts; rather, the debtor is allowed to extend or reduce the balance of his debts through a plan of rehabilitation.

*Id.* at 1284. The Eleventh Circuit explained the doctrine of judicial estoppel as follows:

> "...The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *American Nat'l Bank of Jacksonville v. Federal Dep. Ins. Corp., 710 F.2d 1528, 1536 (11th Cir. 1983)* (internal citation omitted); *see also, Coastal Plains, 179 F.3d at 205* (explaining that, "the purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest.")(internal quotations omitted). In the Eleventh Circuit, courts consider two factors in the application of judicial estoppel to a particular case. *Salomon Smith Barney, Inc. v. Harvey, M.D., 260 F.3d 1302, 1308 (11th Cir. 2001).* "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." Id.

*Id.* at 1285.

Turning to the first factor of inconsistent positions under oath, the court in *Burnes* found that the disclosure forms were submitted under oath to the bankruptcy court and that there was a duty to amend:

> A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court. *11 U.S.C. § 521(1)*, and *541(a)(7)*. The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change. See *Coastal Plains, 179 F.3d at 208*. Full and honest disclosure in a bankruptcy case is "crucial to the effective functioning of the federal bankruptcy system."

*Id.* at 1286.

Turning to the second factor that the statements must be calculated to make a mockery of the judicial system, the court held that:

1. The doctrine protects the integrity of the judicial system and therefore can be raised by the defendant which was not a creditor or party to the bankruptcy proceeding.

2. The doctrine protects the judicial system regardless of whether there was prejudice to the defendant.

3. **Intentional manipulation can be inferred from the record where the plaintiff "filed and pursued his employment discrimination claims during the pendency of his Chapter 13 case, but never amended his financial statements to include the lawsuit."**

4. Plaintiff stood to gain advantage by concealing claims from the bankruptcy court.

The court also emphasized that an after-the-fact amendment in bankruptcy could not preclude the application of judicial estoppel:

> In an attempt to remedy the situation, Billups argues that he should now be allowed to re-open his bankruptcy case to amend his filings and include his lawsuit against Pemco. We disagree. The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing Billups to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets. See _Traylor v. Gene Evans Ford, LLC, 185 F. Supp. 2d 1338, 1340 (N.D. Ga. 2002)_(denying a debtor's request to back up and disclose a previously undisclosed claim to the bankruptcy court in the face of an adversary's challenge);

11

> *Scoggins v. Arrow Trucking Co.*, 92 F. Supp. 2d 1372, 1376 (S.D. Ga. 2000)(same); *Chandler v. Samford University*, 35 F. Supp. 2d 861, 863-865 (N.D. Ala. 1999)(applying the doctrine of judicial estoppel to bar a plaintiff from asserting a previously undisclosed tort claim, even though she eventually informed her attorney and the bankruptcy court of the claim).[3]

*Id.* at 1288.

### C.     Conclusion

Accordingly, it is undisputed that Plaintiff had a duty to but did not disclose his pending claims and lawsuit in his Ch. 13 proceeding so that he took inconsistent positions under oath. It is also undisputed that the courts infer from the record that these inconsistencies were calculated to make a mockery of the judicial system as they would allow Plaintiff alone the benefit of any recovery.[4] This is buttressed by Plaintiff's

---

[3] In *Traylor v. Gene Evans Ford, LLC*, 185 F. Supp. 2d 1338 (N.D. Ga. 2002), cited in *Burnes*, plaintiff filed a suit for discrimination against defendant and 2 months later filed a voluntary petition for bankruptcy. Defendant then moved thereafter for summary judgment based on judicial estoppel because plaintiff did not disclose the lawsuit in the concurrent bankruptcy proceeding. The court applied judicial estoppel to dismiss the claim. Although plaintiff modified his bankruptcy petition to reflect the lawsuit after defendant moved for summary judgment, following *Scoggins v. Arrow Trucking Co.*, 92 F. Supp. 2d 1372 (S.D. Ga. 2000), the court held that plaintiff could not proceed with his action when the lawsuit was disclosed in bankruptcy by plaintiff only after being forced to do so by his adversary. In *Scoggins*, the plaintiff was in an accident in September 1997, filed a bankruptcy petition in July 1998 in which he failed to disclose the claim, and then sued over the accident in February 1999. The court held that the failure to disclose the pre-petition claim barred the plaintiff's lawsuit under the doctrine of judicial estoppel, holding:

> Scoggins should not be permitted to duck his bankruptcy court disclosure obligation, then "fess up" without consequences once exposed by his adversary. he knew the facts giving rise to his inconsistent positions, and he had motive to conceal this claim. That is enough.

*Id.* at 1376.

[4] Courts in the District have regularly inferred a financial motive to secret assets in the present situation of nondisclosure of a pending lawsuit, and have entered summary judgments. *See Helson v. Nuvell Financial Services Corp.*, 2006 U.S. Dist. LEXIS 43322

(continued)

12

inconsistent statements under oath in the law enforcement investigation underlying this case and his suit under an alleged contract to conceal (allegedly breached by truthful disclosure of) his identity as a witness, which is clearly against public policy. As a result, Defendant is entitled to summary judgment as a matter of law.

    Respectfully submitted,

    FORD & HARRISON LLP

    By:    s/ Robert D. Hall, Jr.
            Robert D. Hall, Jr.
            Florida Bar No. 186760
            rhall@fordharrison.com

    For the firm

101 East Kennedy Boulevard
Suite 900
Tampa, Florida 33602-5133
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

---

(M.D. Fla. 2006) (where plaintiff filed suit after her bankruptcy petition and violated her continuing duty to disclose it, the court followed *De Leon* and inferred that keeping the suit secret would allow plaintiff alone to benefit from a recovery); *Marshall v. Electroux Home Products, Inc.*, 2006 U.S. Dist. LEXIS 91886 (M.D. Fla. 2006) (intentional manipulation inferred from record of nondisclosure although information was provided to plaintiff's bankruptcy attorney; an attempt to amend in bankruptcy was also rejected because it was only after the omission was raised by the defendant).

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on March 31, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

> Jose Font
> Evan A. Zuckerman
> Vernis & Bowling of Broward, P.A.
> First Floor
> 5821 Hollywood Blvd.
> Hollywood , FL 33021

> s/ Robert D. Hall, Jr.
> Attorney

TAMPA:281132.1