UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON YERK,

          Plaintiff,

-vs-                                                   Case No. 2:09-cv-537-FtM-29SPC

PEOPLE for the ETHICAL TREATMENT of
ANIMALS, a Virginia not-for-profit corporation,

          Defendant.
_____

**ORDER**

This matter comes before the Court on the Defendant People for the Ethical Treatment of Animals's (PETA) Motion to Stay Discovery Pending Ruling on Dispositive Motions Barring this Action (Doc. #38) filed on March 31, 2010.

While motions to stay discovery may be granted pursuant to Rule 26(c), Fed.R.Civ.P., the moving party bears the burden of showing good cause and reasonableness. McCabe v. Foley, 233 F.R.D. 683, 685 (M.D.Fla.,2006) (citing Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla.1997) (citing Howard v. Galesi, 107 F.R.D. 348, 350 (S.D.N.Y.1985)). A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case. Id. In this regard, the Court must take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." McCabe, 233 F.R.D. at 685 (citing Feldman, 176 F.R.D. at 652-653).

"In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. McCabe, 233 F.R.D. at

685. This involves weighing the likely costs and burdens of proceeding with discovery." McCabe, Id. (citing Feldman, 176 F.R.D. at 652).

The Defendant currently has two (2) pending dispositive motions. One is a Summary Judgment Motion (Doc. # 37) premised upon judicial estopple. The other is a Motion to Dismiss or in the Alternative for Summary Judgment (Doc. # 15) based upon the Defendant's assertion that the alleged contract-related claims are in violation of public policy and unenforceable because they damage the integrity of Florida's law enforcement system. The Defendant argues that no one will be prejudiced by the stay because the Defendant has yet to answer the Compliant and the Case Management and Scheduling Order was only recently issued on March 3, 2010.

To date, the Plaintiff has served the Defendant with requests for production, interrogatories, requests for admissions, and noticed four (4) depositions. The Defendant states that the expense to produce and respond to the discovery would be unjustified pending the ruling on its dispositive motions. Here the Defendant states the Plaintiff failed to disclose the instant lawsuit in his bankruptcy proceedings and thus, judicial estopple should end this case. The rule that a debtor may not pursue a claim that was not disclosed in the schedule of assets filed in the bankruptcy proceedings has been consistently held by courts since the case of First National Bank v. Lasater, 196 U.S. 115, 119, 25 S. Ct. 206, 49 L.Ed. 408 (1905), in which the Supreme Court declared that:

> It cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately thereafter assert title to the property on the ground that the trustee had never taken any action in respect to it. If the claim was of value ... it was something to which the creditors were entitled, and this bankrupt could not, by withholding knowledge of its existence, obtain a release from his debts and still assert title to the property.

Helson v. Nuvell Financial Services Corp., 2006 WL 1804583 * 2 (M.D. Fla. June 27, 2006).

The Defendant's Motion for Summary Judgment has facially attacked the legal sufficiency of the Plaintiff's Complaint due to the Plaintiff's failure to disclose this law suit during bankruptcy proceedings. In Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir.1997), the Court determined that challenges to the legal sufficiency of a claim or defense should often be resolved before discovery begins. McCabe, 233 F.R.D. at 685. The court noted that such disputes present purely legal questions where there is no need for discovery prior to ruling on dispositive motions. Id. The Chudasama court also noted that discovery imposes many costs on the parties and can tax scarce judicial resources when discovery disputes arise. Id.

In this instance, no further discovery is necessary to determine the validity of the Defendant's Motion for Summary Judgment based upon estopple, because the facts are already known regarding whether or not the Plaintiff failed to disclose this case to the bankruptcy court. Thus, after taking a preliminary peek behind the Motion for Summary Judgment, the Court finds that the Defendant has met its burden and good cause exists to grant the stay.

Accordingly, it is now **ORDERED:**

The Defendant People for the Ethical Treatment of Animals's (PETA) Motion to Stay Discovery Pending Ruling on Dispositive Motions Barring this Action (Doc. #38) is **GRANTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___28th___ day of April, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record