IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JASON YERK,<br><br>      Plaintiff,<br><br>v.<br><br>PEOPLE FOR THE ETHICAL<br>TREATMENT OF ANIMALS,<br>a Virginia not-for-profit corporation,<br><br>      Defendant. | Case No. 2:09-cv-00537-JES-SPC |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT BASED UPON JUDICIAL ESTOPPEL**

**1.    Introduction and Statement of Material Facts**

As shown by earlier filings by Defendant (Doc. 15 and 27), this case arises from a situation where Plaintiff Yerk resigned as a Deputy Sheriff from the Lee County Sheriff's Office (LCSO) upon being charged with lying under oath in an LCSO internal affairs investigation (see Doc. 15-2, 15-3, 15-4, 15-5). After Yerk and another former deputy (Quintana) had been in contact with PETA to have animal abuse charges brought against a third deputy (Jelly), Yerk falsely denied that he had spoken to PETA about the animal abuse, which denial he later admitted was untrue. (See Ex. 1 hereto, Doc. 15-2.) Yerk then sought to ignore that his resignation stemmed from his untruthful statements and sued PETA herein for truthfully disclosing to law enforcement Yerk's identity as a reported witness to an animal abuse crime. Yerk's claims were premised on an alleged November 2008 breach of an alleged agreement to conceal from law enforcement his identity as a reported witness to a crime – a legal theory which is not legally viable because the alleged contract to conceal clearly is in violation of Florida law and public

policy (see Doc. 15 and 27). Although Yerk claims that PETA's alleged breach that was so significant that it caused his termination and directly forced him into bankruptcy (Response, Doc. 45 at 2), Yerk concealed this claim in the bankruptcy court as follows:

   a.   After Plaintiff's alleged claim accrued in November 2008 (see Complaint), Plaintiff Yerk filed for Ch. 13 bankruptcy on January 31, 2009, without disclosing his claim herein (see Doc. 37-1, Sch. B, No. 21).

   b.   Plaintiff had retained attorney Jose Font to represent him on his claim by March 24, 2009, when Font corresponded with PETA about the claim (see Ex. 2 hereto).

   c.   Only 3 days later, Plaintiff Yerk appeared at a Section 341 Creditors' Meeting in the bankruptcy proceeding (see Ex. 3, 3/27/09 Transcript, at 4). Yerk confirmed his personal familiarity with his petition and schedules and their correctness, including as to assets (Ex. 3 at 7-8). The Trustee then asked (Ex. 3 at 9):

   > Q   Does anyone owe you money, or is there anyone you could sue?
   >
   > A   No, ma'am.[1]

   d.   About a month later, on May 8, 2009, attorney Font wrote to Defendant PETA enclosing the suit complaint and demanding a settlement of $585,000 on Yerk's claims herein (Ex. 4 hereto).

   e.   Plaintiff Yerk filed suit on his claims in August 2009 and did not disclose his claims or suit in the bankruptcy proceeding (nor his bankruptcy case in this Court) and an Order Confirming Plan was entered on March 30, 2010 (see Doc. 37-3).

---

[1] In response to the motion for summary judgment here, Plaintiff Yerk has filed an affidavit (Doc. 45-1) inconsistently claiming that, "At no point during the bankruptcy proceeding did I affirmatively represent that this action did not exist once I knew of its existence" (Doc. 45-1 at ¶ 13).

2

## 2. Federal Law Applies Because of the Federal Issues and Policies

Plaintiff relies upon *Original Appalachian Artworks v. S. Diamond Assocs.*, 44 F.3d 925 (11th Cir. 1995), to argue that Florida law governs the application of judicial estoppel, in an erroneous attempt to avoid the clear Eleventh Circuit law which bars Yerk's suit. In *Original Appalachian Artworks*, the court in a diversity case involving the contractual right to a share in settlement proceeds simply stated that the doctrine of judicial estoppel is governed by state law. The Court engaged in and provided no legal analysis, other than to cite to two cases, which show that federal law applies here.

The first case was *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257 (11th Cir. 1988). There, the court in *dicta* stated that "**[h]ad** this case originated as a diversity action, it **appears** this court would be bound to apply the relevant state formulation of judicial estoppel." The court actually held:

> However, where federal issues are involved, federal courts may look to common law or to the policies supporting the doctrine itself for guidance in establishing an appropriate formulation. . . .
>
> Because this is a bankruptcy case, involving federal issues of dischargeability, we are, therefore, free to apply a formulation of the judicial estoppel doctrine as we think proper. . . .

The second cited case was *Miami Beach v. Smith*, 551 F.2d 1370 (5th Cir. 1977), involving a state court real estate dispute which was removed because "accidentally" the Untied States was a "wholly quiescent defendant." The application of state law on judicial estoppel on a representation as to real estate title in another state court suit was discussed in a footnote and premised on the fact that the "issues here are distinctly nonfederal" and state law applies "when nonfederal issues are at stake." *Id.* at n.12.

Thus, the Court must determine whether federal issues and policies are involved or whether only non-federal issues are at stake. Here, in issue is whether the non-disclosure of a **federal** district court suit in a **federal** bankruptcy court proceeding was calculated to make a mockery of the **federal** judicial system and requires dismissal of the **federal** district court suit. The Eleventh Circuit precedent on the application of judicial estoppel to federal bankruptcy non-disclosures of suits by Ch. 13 debtor-plaintiffs like Yerk is well defined and established and clearly bars Yerk's claim. *See Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002); *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269 (11th Cir. 2010); *Casanova v. PRE Solutions, Inc.*, 228 Fed. Appx. 837 (11th Cir. 2007); *De Leon v. Comcar Indus.*, 321 F.3d 1289 (11th Cir. 2003). As held in *Burnes*, the Eleventh Circuit test is fully consistent with the U.S. Supreme Court's basic instructions on the application of judicial estoppel – (1) was an inconsistent position made under oath in the prior proceeding (clearly, Yerk made affirmative misrepresentations), and (2) which was calculated to make a mockery of the judicial system (this is regularly inferred by the Eleventh Circuit based simply on non-disclosure, which is inadvertent only when the debtor lacks knowledge of the undisclosed claims or has no motive for their concealment; here, Yerk clearly went well beyond that and made an affirmative misrepresentation under oath very shortly after retaining his attorney to sue, followed by non-disclosure without amendment for an entire year).

*Burnes* has been applied on the issue of judicial estoppel in diversity cases by the Eleventh Circuit and Middle District of Florida, particularly where bankruptcy non-disclosure issues are involved. *See Pavlov v. Ingles Mkts., Inc.*, 236 Fed. Appx. 549 (11th Cir. 2007) (applying *Burnes* in action on state law claims to non-disclosure in

bankruptcy by Ch. 13 debtor-plaintiff); *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326 (11th Cir. 2005) (as shown in earlier decision at 267 F.3d 1303, the case was in Florida state court and removed pursuant to diversity jurisdiction; the court applied *Burnes* on the issue of judicial estoppel); *Palmer & Cay, Inc. v. Marsh & McClennan Cos.*, 404 F.3d 1297 (11th Cir. 2005) (where the court dealt with an appeal from the district court in a diversity case (see 2003 U.S. Dist. LEXIS 26365 at n.3) arising from employee non-solicitation agreements; the court applied the judicial estoppel test in *Burnes)*; *Marshall v. Electrolux Home Prods.*, 2006 U.S. Dist. LEXIS 91886 (M.D. Fla. 12/19/06) (plaintiffs brought negligence/tort action in Florida state court which was removed and the court applied *Burnes* on issue of judicial estoppel by non-disclosure in bankruptcy).

  Numerous other federal circuits have applied the federal law of judicial estoppel uniformly and in diversity cases because of the strong federal policies at stake and the federal court's need to protect itself from manipulation which is the essence of the judicial estoppel doctrine and should not vary based on state law tests. *See G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247 (3d Cir. 2009), following *Eastman v. Union Pac. R.R.*, 493 F.3d 1151 (10th Cir. 2007) (applying federal law to nondisclosure in creditors meeting because bankruptcy is a federal matter and the federal court in which the defense arises must protect itself from manipulation); *Ogden Martin Sys., Inc. v. Whiting Corp.*, 179 F.3d 523 (7th Cir. 1999) (applying federal law because the rule is designed to protect the integrity of the institution involved); *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597 (9th Cir. 1996) (same); *Allen v. Zurich Ins. Co.*, 667 F.2d 1162 (4th Cir. 1982) (same); *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595 (6th Cir. 1982) (same).

Accordingly, the well defined judicial estoppel test for non-disclosures in Ch. 13 bankruptcy recognized by the Eleventh Circuit should be applied.

### 3. Florida Law Also Supports Judicial Estoppel Here

In *Blumberg v. USAA Cas. Ins. Co.*, 790 So.2d 1061 (Fla. 2001), the Florida Supreme Court upheld the application of judicial estoppel where the plaintiff (Blumberg) attempted "to make a mockery out of justice" by asserting inconsistent positions in litigation. There, plaintiff Blumberg sued an insurance company for breach of contract and promissory estoppel claiming coverage for a property loss. The breach of contract count was subject to a directed verdict and the jury returned a $25,000 damage verdict on promissory estoppel, but Blumberg dismissed before judgment was entered. Blumberg then sued insurance agent Bruner claiming that he negligently failed to obtain coverage. The Florida Supreme Court held:

> This case is exactly the type of scenario for which the judicial estoppel doctrine was intended. Blumberg is attempting "to make a mockery out of justice" by asserting inconsistent positions in the St. Paul suit (where he claimed that coverage existed and prevailed) and the Bruner suit (where he claimed that coverage did not exist).

In so holding, it has been recognized that the Florida Supreme Court "reshaped" the doctrine of judicial estoppel in Florida in three significant ways, *see Grau v. Provident Life & Accident Ins. Co.*, 899 So.2d 396 (Fla. 4th DCA 2005):

**i   Special Fairness and Policy Considerations Apply Where Plaintiff Attempts to Make a Mockery of Justice** – First, the Court did not require mutuality of parties because special fairness and policy considerations compelled the application of estoppel. *Blumberg, supra* at 1067; *Grau, supra* at 399. Those policy considerations in *Blumberg* are identical to those involved in all the Eleventh Circuit decisions on judicial

estoppel in bankruptcy non-disclosure cases – that the plaintiff (Blumberg) was attempting to make a "mockery out of justice" by asserting inconsistent positions in two different proceedings which was described in *Blumberg* as "exactly the type of scenario for which the judicial estoppel doctrine was intended." [Here, Yerk argues against the application of fairness and policy considerations with the erroneous contention that there is "absolutely no evidence" that he acted with knowledge in not disclosing his claim. Clearly, Yerk concealed his claim against PETA in bankruptcy, although he contends it was so significant that it forced him into bankruptcy. Yerk had hired attorney Font by March 24, 2009 to pursue the PETA claim, but then concealed it upon inquiry at the March 27, 2009 creditors meeting. Yerk's actions making a mockery out of justice exceed those of plaintiffs whose claims were dismissed in other cited cases.[2]]

       **ii.**    **No Detrimental Reliance Requirement** – Second, like the Eleventh Circuit, the court in *Blumberg* did not require that the party claiming estoppel be misled or have acted in reliance on the plaintiffs' assertions. *Grau, supra* at 399-400. The insurance agent was not a party to the earlier suit and did not act in reliance on Blumberg's conduct.

       **iii.**    **Preliminary Benefit Sufficient** – Third, the Court in *Blumberg* held that the preliminary entry of a jury verdict satisfied the requirement of successfully maintaining the position in the first action, even though there was no final judgment and

---

[2] To the extent Yerk erroneously attempts to shift his disclosure obligation to PETA, as held in *Helson v. Nuvell Financial Services Corp.*, 2006 U.S. Dist. LEXIS 43322 (M.D. Fla. 6/27/06), followed by this Court in prior order (see Doc. 44), "[i]t is clear that Defendant had no affirmative duty to correct Plaintiff's omissions" and that the focus "is upon the actions of the party to be estopped and the effect those actions have on the judicial system."

the action was dismissed. *Blumberg, supra* at 1067; *Grau, supra* at 400. [Here, entry by the Bankruptcy Court of the order confirming plan is clearly sufficient. *See De Leon, supra* (11th Circuit applied judicial estoppel to dismiss action where plaintiff failed to disclose claim in Ch. 13 bankruptcy proceeding and bankruptcy court entered order confirming plan). *See also Williams v. Hainje*, 2010 U.S. App. LEXIS 9973 (7th Cir. 5/12/10) (Ch. 13 confirmation order along with automatic stay from creditors was sufficient preliminary benefit for estoppel, where bankruptcy case was later dismissed); *Casanova, supra* (where 11th Circuit applied judicial estoppel where plaintiff had voluntarily dismissed bankruptcy case).]

Accordingly, the application of Florida law would make no difference and Plaintiff Yerk would be judicially estopped because he was attempting to make a mockery of justice and playing fast and loose with the Court.

### 4. Judicial Estoppel Applies Despite Plaintiff's Actions and Arguments After Being Caught on His Non-Disclosure

Plaintiff argues that after his non-disclosure was raised by Defendant PETA, he moved in the bankruptcy court to modify the order confirming plan and that the claim which he sued upon at considerable expense to PETA was not owned by Plaintiff, but rather by the trustee in bankruptcy – so that the trustee can sue and, regardless of Plaintiff's conduct, a judgment exceeding Plaintiff's debt would revert to Plaintiff (Doc. 45 at 11). These arguments must be rejected.

In *Burnes, supra,* where the Eleventh Circuit held:

> The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing Billups to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This

> so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets.

This rejection was followed in *De Leon* for the same reasons and also in *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003), where judicial estoppel was applied although the plaintiff-debtor in a Ch. 7 proceeding advised the bankruptcy attorney of her suit, orally informed the trustee of the suit at a creditor's meeting (but referring only to the injunctive relief sought), and sought to amend and reopen the bankruptcy estate after the defendant raised the non-disclosure.

Plaintiff cites to *Losacano v. Deaf & Hearing Connection of Tampa Bay, Inc.*, 988 So.2d 66 (Fla. 2d DCA 2008), to attempt to argue that his non-disclosures can nevertheless be forgotten because the claim really belonged to the trustee who has the standing to pursue it. In *Losacano* (where the trustee intervened and sought to pursue the claims), the court avoided the dismissal of the non-disclosed suit as required by *Barger*, theorizing that *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004), limited *Barger*. *Wendy's* held that in a suit where (unlike here) the non-disclosure was voluntarily amended and the trustee intervened before judicial estoppel was even raised, the claim is "the property of the **Chapter 7** bankruptcy estate and only the trustee in bankruptcy has the power to pursue it," who is not estopped where he has not taken an inconsistent position under oath. *Wendy's* and *Losacano* are clearly distinguishable.

First, this case involves a Ch. 13 bankruptcy proceeding where the debtor has, exclusive of the trustee, standing to pursue the legal claim. *See Crosby v. Monroe County*, 394 F.3d 1328, n.2 (11th Cir. 2004). This is not a Ch. 7 proceeding like *Wendy's* and it has been fully distinguished on that ground. *See Coppedge v. SunTrust Banks, Inc.*, 2009 U.S. Dist. LEXIS 2363 (M.D. Ga. 1/14/09) (distinguishing *Wendy's* and applying

judicial estoppel to a Ch. 13 plaintiff-debtor who had standing to bring the claims and was the party who made the misrepresentation); *Pavlov v. Ingles Mkts., Inc., supra* (where the Eleventh Circuit distinguished *Wendy's* and applied judicial estoppel to a Ch. 13 plaintiff-debtor who retained standing to sue and had not had intervention from the trustee). Indeed, *Burnes, Robinson, Casanova* and *De Leon* all applied judicial estoppel to Ch. 13 debtor-plaintiffs. Second, this is not a case like *Wendy's* where the plaintiff voluntarily moved to amend in bankruptcy, the trustee moved to intervene and the motion was granted before defendant raised judicial estoppel. Where, as here, there is a lengthy delay in disclosing the claim and it is done only after defendant moved for summary judgment, the circumstances compel the application of judicial estoppel even if the trustee had moved to intervene. *See Marshall v. Electrolux Home Products, Inc., supra* (where Judge Sharp applied judicial estoppel over the intervening trustee's objection and distinguished *Wendy's* on that ground). Third, the Trustee here has not moved to intervene, but rather has moved to dismiss Yerk's Ch. 13 bankruptcy case because Yerk had obtained a confirmation order after failing to disclose the claim against PETA at the creditor's meeting (see Ex. 5 hereto), and has stated that he will not intervene.

The evidence (without need for inference) shows that Plaintiff Yerk made false statements under oath and nondisclosures calculated to make a mockery of the federal judicial system. The policies for protection of the integrity of that system demand that his action be dismissed.

Respectfully submitted,

FORD & HARRISON LLP


By: <u>s/ Robert D. Hall, Jr.</u>
Robert D. Hall, Jr.
Florida Bar No. 186760
rhall@fordharrison.com

For the firm

101 East Kennedy Boulevard
Suite 900
Tampa, Florida 33602-5133
Telephone: (813) 261-7800
Facsimile: (813) 261-7899


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 24, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Jose Font
Evan A. Zuckerman
Vernis & Bowling of Broward, P.A.
First Floor
5821 Hollywood Blvd.
Hollywood , FL 33021


<u>s/ Robert D. Hall, Jr.</u>
Attorney

TAMPA:284759.1