UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Jason Yerk, an individual, )
 )
        Plaintiff )
 )
v. )
 )
People for the Ethical Treatment )
of Animals, a Virginia not-for-profit ) Civil Action No.:2:09-cv-00537-JES-SPC
corporation )
 )
        Defendant )
 )
 )

### PLAINTIFF'S AFFIDAVIT

BEFORE ME, the undersigned authority, personally appeared, who being duly sworn, deposed and said the following:

1. My name is JASON YERK.

2. I am the named Plaintiff in the above-referenced action.

3. The assertions I make in this Affidavit are based upon personal knowledge.

4. I filed my original petition for bankruptcy in January of 2009.

5. I retained my counsel for this case on March 23, 2009. At the time, it was my understanding that counsel's representation was limited to establishing whether I had a viable cause of action against any person or entity deriving from the facts alleged in the complaint filed in this case.

*Yerk v. PETA*
Case No.:2:09-cv-00537-JES-SPC
Page 2 of 4

6. During initial discussions with my counsel, I was advised that he had not yet determined whether I could sue PETA as a result of their breach of our oral contract. My counsel informed me that he would obtain PETA's insurance information and would continue to research the viability of my case in both the federal and state courts.

7. On March 27, 2009, only four days after I retained counsel to explore my cause of action, I attended the creditors' meeting for my bankruptcy proceeding along with my bankruptcy attorney. At that meeting, I was asked by the Trustee's representative "Does anyone owe you money, or is there anyone you could sue?" to which I answered "No, ma'am."

8. At the time the question was asked and my answer was given, I had not yet been advised by my counsel as to the viability of my cause of action against PETA. It was only as of April 2009 that my counsel advised that I had a viable cause of action against PETA, and that suit would be filed if PETA failed to satisfactorily respond to my demand letter, which was dated May 8, 2009.

9. On May 20, 2010, my bankruptcy counsel and I attended a hearing on my motion to amend my bankruptcy plan to include this case as a potential asset for the benefit of my creditors.

*Yerk v. PETA*
Case No.:2:09-cv-00537-JES-SPC
Page 3 of 4

10. At this hearing, the Trustee requested that the hearing be continued in order to allow the terms of the amendment to be finalized. The Trustee's request was granted, and the hearing was continued until June 3, 2010. A copy of the docket sheet describing the continuance is attached hereto as Exhibit A. My counsel shall promptly supplement the record with documents reflecting the results of the June 3 hearing as soon as possible.

11. I declare under penalty of perjury that the foregoing allegations contained within this Affidavit are true and correct.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Jason Yerk

*Yerk v. PETA*
Case No.:2:09-cv-00537-JES-SPC
Page 4 of 4

## NOTARIAL ACKNOWLEDGMENT

STATE OF FLORIDA

:ss

COUNTY OF

SWORN TO AND SUBSCRIBED before me this 26 day of May, 2010, by Jason R. Yerk who is personally known to me or produced a valid driver's license as identification, No. Florida driver license Y620-436-76-204-0, and who did/did not take an oath.

_____
Notary Public, State of Florida

[seal]

NANCY H. GOVER
Commission DD 742158
Expires March 1, 2012
Bonded Thru Troy Fain Insurance 800-385-7019



# U.S. Bankruptcy Court
## Middle District of Florida (Ft. Myers)
### Bankruptcy Petition #: 9:09-bk-01818-ALP

*Date filed:* 01/31/2009

*Assigned to:* Alexander L. Paskay
Chapter 13
Voluntary
Asset

*Debtor*
**Jason R Yerk**
4009 SE 9th Court
Cape Coral, FL 33904

represented by **Richard J Hollander**
Miller & Hollander
2430 Shadowlawn Drive, Ste. 18
Naples, FL 34112

*Trustee*
**Jon Waage**
P O Box 25001
Bradenton, FL 34206-5001

| Filing Date | # | Docket Text |
|---|---|---|
| 05/21/2010 | 42 | Hearing Proceeding Memo: Hearing Continued, *Trustee's Motion to Dismiss Case for Failure to Disclose Asset; Debtor's Motion to Modify Confirmed Plan*. (related document(s) 32 , 34 ). Hearing scheduled for 6/3/2010 at 03:00 PM at Ft. Myers, FL - Room 4-117, Courtroom E, United States Courthouse, 2110 First Street, Ft. Myers, FL. (Gann, Dedra) (Entered: 05/21/2010) |
| 05/20/2010 | 41 | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 40 )). Service Date 05/20/2010. (Admin.) (Entered: 05/21/2010) |
| 05/18/2010 | 40 | Order Allowing and Disallowing Claims and Ordering Disbursements. (Dannels, Pat) (Entered: 05/18/2010) |
| 05/12/2010 | 39 | Response to *Trustee's Motion to Dismiss for Failure to Disclose an Asset* Filed by Richard J Hollander on behalf of Debtor Jason R Yerk (related document(s) 32 ). (Hollander, Richard) (Entered: 05/12/2010) |