```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ROBERT E. TARDIF, JR., as Trustee
for Jason Yerk,

                Plaintiff,

vs.                                Case No. 2:09-cv-537-FtM-29SPC

PEOPLE for the ETHICAL TREATMENT of
ANIMALS, a Virginia not-for-profit
corporation,

                Defendant.
_____

## **OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Clarification and/or Reconsideration (Doc. #61), filed on October 5, 2010. Plaintiff filed a Response (Doc. #66) on October 25, 2010.

On September 21, 2010, the Court entered an Opinion and Order (Doc. #59) denying Defendant's Motion for Summary Judgment based on Judicial Estoppel (Doc. #37). In its motion, defendant sought dismissal of this case as a sanction for Yerk's failure to disclose this case as an asset in his then-pending bankruptcy case. In denying the motion, the Court reasoned, in part, that dismissing this case would victimize plaintiff's creditors and result in a windfall for defendant. Therefore, the Court did not disturb the corrective action taken in the Bankruptcy Court, and allowed the bankruptcy trustee to substitute in as plaintiff in this case and prosecute this action.

Defendant now seeks an order clarifying that, in the event the trustee achieves a favorable judgment for the benefit of Yerk's creditors, Yerk will not recover anything personally. Defendant also seeks reconsideration of the prior Opinion and Order.

To the extent defendant seeks reconsideration, that request is denied. The Court considered the matter in detail before entering its Opinion and Order, and while defendant disagrees with the result, the Court finds no reason to reconsider its decision. The Court also finds that no clarification is needed. The Court did not rule on any issue relating to funds in excess of those needed to satisfy creditors, and declines to issue such an advisory opinion now. Defendant's reliance upon Federal Rule of Civil Procedure 56(d)(1) is misplaced because nothing in the judicial estoppel motion impacted the merits of the claim against PETA, and the Court made no merits-based findings.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Clarification and/or Reconsideration (Doc. #61) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___2nd___ day of November, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record