**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ROBERT E. TARDIF, JR., as Trustee for Jason Yerk,

          Plaintiff,

-vs-                                   Case No.  2:09-cv-537-FtM-29SPC

PEOPLE for the ETHICAL TREATMENT of ANIMALS, a Virginia not-for-profit corporation,

          Defendant.
_____

## ORDER

This matter comes before the Court on the Plaintiff Robert E. Tardiff, as Trustee for Jason Yerk's Amended Motion to Compel Better Responses to Discovery Requests  (Doc. #87) filed on February 10, 2011.  The Defendant, PETA, filed its Response in Opposition (Doc. # 90) on February 14, 2011.  In his original Motion, the Plaintiff failed to certify that he conferred with the Defendant prior to filing the instant Motion.  Pursuant to Fed. R. Civ. P. 37(a)(1) and the  M.D. Fla. Local Rule 3.01(g), a movant shall confer with the opposing parties counsel to determine if the issues involved in the motion can be resolved without the assistance of the Court.[1]  Under Rule 3.01(g), the movant must certify to the Court that he conferred with the opposing counsel in good faith and whether or not the issues were resolved.  The Plaintiff was cautioned on February 4, 2011, that failure to comply

---

[1] Rule 37(a)(1) provides that, "a party may move for an order compelling ... discovery ... [However], [t]he motion must include certification that the movant has in good faith conferred or attempted to confer with the ... party failing to make ... discovery in an effort to obtain it without court action."  Local Rule 3.01(g) essentially mirrors Rule 37(a)(1) of the Federal Rules of Civil Procedure and provides in relevant part, "[b]efore filing any motion in a civil case, ... the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion."

with the Local Rule would be fatal to any future motions. Yet, inexplicably the 3.01(g) certification is absent from the Plaintiff's Motion. The Plaintiff did file a Notice of Compliance (Doc. # 91), however, that Notice was filed on February 15, 2011, after the Motion was filed and after the Defendant filed its objection against the Motion to Compel.

On February 17, 2011, the Defendant filed an Objection (Doc. # 92) asserting that the Plaintiff did not confer on this Motion. The Defendant objects arguing the Plaintiff never discussed the issues raised by the instant Motion. Instead, the Defendant says the Plaintiff's Counsel got on the line during a telephone call scheduled to discuss subpoenas and stated that he did not want answers where the Defendant also posed objections. This is not compliance with the Federal and Local Rules requirement that the Parties confer in good faith to try and resolve the issues. Thus, the Court concludes the Plaintiff's Motion is due to be denied for failure to comply with Federal and Local Rules as well as the Court's Order directing him to confer prior to filing a motion for relief.

Accordingly, it is now

**ORDERED:**

The Plaintiff Robert E. Tardiff, as Trusttee for Jason Yerk's Amended Motion to Compel Better Responses to Discovery Requests (Doc. #87) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of February, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record