UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT E. TARDIF, JR., as Trustee for Jason Yerk,

        Plaintiff,

-vs-                                  Case No.  2:09-cv-537-FtM-29SPC

PEOPLE for the ETHICAL TREATMENT of ANIMALS, a Virginia not-for-profit corporation,

        Defendant.

_____

**ORDER**

This matter comes before the Court on the Plaintiff, Robert Tardiff, as trustee for Jason Yerk's Motion to Appear at Deposition by Video-Conference (Doc. #98) filed on March 22, 2011. The Defendant, PETA, filed its Response and Motion for a Protective Order (Doc.# 103) on March 29, 2011.  On April 5, 2011, the Plaintiff filed a Response in Opposition to the Protective Order and Motion to Strike (Doc. # 106).

On April 6, 2011, the undersigned held a hearing on the various issues involved in the pending Motions.  At that hearing, the Plaintiff was represented by Atty. Jose Font of the law firm Vernis & Bowling, the Defendant PETA was represented by Atty. Phillip Jay Hirschkop of the law firm Hirschkop & Associates, P.C., Atty. Robert David Hall, Jr. and Atty. Shannon Kelly of the law firm of Ford & Harrison.

*Video-Conference Depositions*

The Plaintiff moves the Court to take the depositions of several of the Defendant's representatives via video-conference.  The Plaintiff argues that it would be a cost saving measure if

he could attend the depositions via video-conference and not have to travel to Virginia where the depositions were noticed.

The Defendant objects stating that it would only be a cost savings for the Plaintiff since the Defense Counsel would be required to attend the depositions in person.  Under Fed. R. Civ. P. 30(b)(4), "[t]he parties may stipulate –or the court may on motion order–that a deposition be taken by telephone or other remote means."  The Defendant's argument that only the Plaintiff's Counsel would save money by attending the depositions via video conference lacks merit since, the Defense Counsel stated he would attend the depositions in person wherever or however, the Plaintiff choose to take them.  Thus, the Plaintiff may take the Depositions by video-conference.  The Defense Counsel may also attend the depositions via video-conference, however, the Defendant is responsible for working out the logistics of his establishing his own video- conference link.

### *Defendant's Protective Order and Plaintiff's Response*

The Defendant also objects to the depositions of Stephanie Bell, Martin Mersereau, two (2) additional unnamed 30(b)(6)Corporate Representatives, PETA's general counsel, Jeff Kerr, and the PETA's President. The Defendant argues that Kerr and the President of PETA reside in Washington, DC, which is over 100 miles from Hampton, Virginia,  where the depositions were noticed, and further that they are merely apex depositions meant to harass the Defendant.  The Defendant objects to the deposition of Stephaine Bell because she lives  across the country in Seattle, Washington, and the she has no knowledge of the events with the exception that she reviewed a memo related to the Plaintiff's case. The Defendant objects to the two 30(b)(6) depositions arguing that the Plaintiff has already deposed the Defendant's Corporate Representative.  Finally, the Defendant states that the Plaintiff will exceed the limit of ten (10) depositions imposed by the Fed. R. Civ. P. 30.  Under Rule

30, a party is limited to ten (10) depositions unless, said party moves the court for leave to take additional depositions.

The Plaintiff's Response to the Defendant's Motion for a Protective Order (Doc. # 106) is fifty-four (54) pages long. Under the Local Rules a reply memorandum may be filed within fourteen (14) days and shall not be more than **twenty (20) pages** in length. M.D. Fla. Local Rule 3.01(b). If the movant wishes to file a response in excess of the Rule's limits, the movant must first seek the leave of the Court before the longer response is filed. M.D. Fla. Local Rule 3.01(d). Furthermore, the Plaintiff's Motion to Strike and for Sanctions, lacked a proper Rule 3.01(g) certification. As such, the Court will strike the Plaintiff's Response with leave to file an amended response that fully complies with the Federal and Local Rules of Civil Procedure.

Nevertheless, the Plaintiff argued and--the Defendant acknowledged-- that the deponents Stephanine Bell and Martin Mersereau were at one time supervisors overseeing or otherwise involved with the Plaintiff Yerk's case. Because Bell and Mersereau were involved in actually handling this case, the Plaintiff has a right to depose them. Regarding the rest of the Defendant's Motion for a Protective Order, the Court will allow the Plaintiff five (5) days to file a new response that complies with the Local and Federal Rules.

Accordingly, it is now

**ORDERED:**

(1) The Plaintiff, Robert Tardiff, as trustee for Jason Yerk's Motion to Appear at Deposition by Video-Conference (Doc. #98) is **GRANTED**. The Plaintiff may take the depositions of the out of state deponents via Video-Conference. Defense counsel may appear in person or via video-conference as well.

(2) The Plaintiff's Response to the Defendant's Motion for a Protective Order, Motion to Strike, and for Sanctions (Doc. # 106) is hereby **STRICKEN**. The Clerk of the Court is directed to remove the Motion and all documents attached and/or filed with the Motion from the docket sheet.

(3) The Plaintiff shall file an Amended Response to the Motion for a Protective Order that shall not exceed twenty (20) pages in length on or before, **April 14, 2011.**

(4) The Plaintiff may file an Amended Motion to Strike that complies with the Federal and Local Rules on or before, **April 22, 2011.**

(5) The Plaintiff may take the depositions of Stephanine Bell and Martin Mersereau, otherwise the Court will **RESERVE** ruling on the Defendant's Motion for a Protective Order (Doc. # 103) until the Plaintiff files his amended response.

(6) If the Plaintiff seeks to take more than ten depositions, he must move the Court for Leave providing good cause for the enlarged number in accord with the Federal and Local Rules.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of April, 2011.

_____
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record