**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ROBERT E. TARDIF, JR., as Trustee for Jason
Yerk,

                 Plaintiff,

-vs-                                         Case No.  2:09-cv-537-FtM-29SPC

PEOPLE for the ETHICAL TREATMENT of
ANIMALS, a Virginia not-for-profit corporation,

                 Defendant.

_____

## ORDER

      This matter comes before the Court on the Defendant, PETA's Motion to Compel Discovery

and Determine Sufficiency of Response to Request for Admissions and for Sanctions  (Doc. #110)

filed on April 5, 2011.  The Plaintiff filed his Response in Opposition (Doc. # 119) on April 15,

2011.  The Defendant moves the Court to compel better responses to its Request for Admissions,

Interrogatories, and for sanctions.  The Motion is now ripe for review.

### (1) Requests for Admission

      The Defendant moves the Court to compel better answers to its Request for Admissions

numbers 5, 8, 9, 10, and 12.  Under the Federal Rules of Civil Procedure "[a] party may serve upon

any other party a written request for the admission . . . of the truth of any matters" that are relevant

to the claim at issue. Fed. R. Civ. P. 36(a).  A request for an admission served on the opposing party

and to which there is no response within thirty (30) days of service is deemed admitted. Fed. R. Civ.

P. 36(a); Konica Minolta Photo Imaging, U.S.A., Inc. v. Sonman, 2005 WL 2219428 * 4 (M.D. Fla.

September 13, 2005) (citing Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1265 n. 1 (11th Cir.

2003)).  "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(a); <u>Konica Minolta Photo</u>, 2005 WL 2219428 at * 4.

Initially, the Court notes that the Plaintiff begins each admission and answer to the interrogatories with an objection, specifically stating "[o]bjection, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence" and then answers the discovery.   If an objection to a discovery request is raised, and then the question is answered "subject to" or "without waiving" the objection, this court is reluctant to sustain the objection. <u>See</u> <u>Mann v. Island Resorts Development, Inc.</u>, 2009 WL 6409113 * 2 -3 (N.D. Fla. February 21, 2009) (waiving the objection in the case where the party filed an objection and then answered the question in spite of the objection).  Although this seems to be an increasingly common approach to discovery, it raises a fairly straightforward question: if a party objects to a question or request but then answers, has the objection been waived despite the claimed reservation of the objection? This court cannot logically conclude that the objection survives the answer.  Simply put, the rules do not on their face give a party that option. <u>Mann</u>, 2009 WL 6409113 at* 2 -3.  Rule 33, relating to interrogatories, states: "[e]ach interrogatory must, *to the extent it is not objected to,* be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added). Similarly, Rule 34(b)(2), relating to request for production,  provides that a responding party shall state in writing what documents will be produced, and that if objection is made to part of the request, the objection must specify the part and *permit inspection of the rest.*  Objecting but answering subject to the objection is not one of the allowed choices under the Federal Rules. <u>Mann</u>, 2009 WL 6409113 at* 2 -3.

Even though the practice has become common here and elsewhere, courts have found that whenever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands. Mann, 2009 WL 6409113 at* 2 -3; Consumer Electronics Association v. Compras and Buys Magazine, Inc., 2008 WL 4327253 * 2 (S.D. Fla. September 18, 2008) (holding that formulaic objections followed by an answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court, because such practice leaves the requesting Party uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered); Meese v. Eaton Manufacturing, Co., 35 F.R.D. 162, 166 (N.D. Ohio 1964) (holding that a party who objects and then answers an interrogatory waives that objection); Wright, Miller & Marcus, Federal Practice and Procedure: Civil § 2173(stating "[a] voluntary answer to an interrogatory is also a waiver of the objection.").

Furthermore, answering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not. Mann, 2009 WL 6409113 at* 2 -3. Other courts have remarked that all a mixed response really says is the counsel does not know for sure whether the objection is sustainable, that it probably is not, but thinks it is wise to cover all bets anyway, just in case. Mann, 2009 WL 6409113 at* 2 -3.

In this instance,  the Plaintiff made the same formulaic objection to most of the Defendant's discovery requests and then answered the request for admission or interrogatory.  Such formulaic objections which are included with an answer are not acceptable under the Federal and Local rules. As other Courts have observed, no objections are "reserved" under the rules; they are either raised or they are waived.  Thus, the Defendant's formulaic objections to the Plaintiff's' discovery requests are deemed waived at this time and the objections are overruled.

Thus, the Court must now look to each individual request for admission and interrogatory and determine whether or not the Plaintiff's answer will stand or if the Motion to Compel should be granted.

Request of Admission number 5, asks the Plaintiff to "[a]dmit that during your Jelly Investigation Sworn Statement your testimony that you had not spoken to anybody with PETA regarding Deputy Jelly's treatment of his canine partner was untruthful." The Plaintiff admitted that he did not disclose the communication with PETA to the Lee County Sheriff's Office (LCSO) when asked during the LCSO's investigation because he believed that such communications were confidential.

The Plaintiff's admission is insufficient. The Plaintiff in his deposition clearly stated that he was untruthful when he was asked if he denied talking with PETA. The Plaintiff Yerk stated that he had lied under oath because he thought the conversation with PETA was confidential and was unaware the LCSO already had his name. (Doc. # 110, p. 7). Therefore, Request for Admission number 5 is deemed admitted.

Request for Admission number 8, reads in pertinent part: "[a]dmit that you resigned your employment with the Lee County Sheriff's Office on November 26, 2008[,] at 3:10pm." The Plaintiff admitted that he was "constructively terminated when he was advised by his immediate supervisors that his disclosure to PETA regarding Travis Jelly's animal abuse would inevitably result in his termination." (Doc. # 110, p. 8). Whether or not the Plaintiff was "constructively terminated" is a legal question for the jury to decide. However, the Court will construe the Plaintiff's response as a denial because though not properly formed, the Plaintiff's response is a

denial of the Request that he resigned with an explanation that he was "construction terminated."

Request for Admission number 9, asks the Plaintiff to admit that he resigned his employment with the Lee County Sheriff's Office after an internal affairs investigation had begun regarding the truthfulness of his statements made, under oath, in the Jelly investigation. The Plaintiff responded that he admits the "constructive termination" occurred after the investigation began. The Plaintiff cannot answer the Request for Admission with a legal conclusion which should be left for a jury to determine. Nevertheless, the Request is deemed denied because the Plaintiff is attempting to deny the Request and offer a factual explanation as to why the Admission is denied by asserting that he was "constructively terminated."

Request for Admission number 10, asks the Plaintiff to admit that "Michael Braverman, an attorney with the Police Benevolent Association, was representing you and was present when you resigned your employment with the Lee County Sheriff's Office." The Plaintiff responded that he admitted that at the time he was "constructively terminated" he was represented by counsel. Once again the Plaintiff's response contains a legal conclusion that falls within the scope of a jury determination. However, the Court will construe the Plaintiff's answer as an admission that he was represented by counsel on November 26, 2008, when his employment with the LCSO ended.

Request for Admission number 12 requests the Plaintiff to admit that he "had spoken to or retained an attorney prior to the Creditors' Meeting in your Chapter 13 bankruptcy proceeding." The Plaintiff responded that "this matter has already been adjudicated adversely to the Defendant."

The Plaintiff states the Request is vague because it does not specify when or for what purpose the Plaintiff retained counsel prior to the Chapter 13 bankruptcy proceeding. The Request is not vague but to the point in that it asks whether the Plaintiff had retained counsel prior to the Chapter 13 proceeding. The Plaintiff also objects that the Request for Admission is not reasonably calculated to lead to admissible evidence because the Court has ruled that judicial estopple will not prevent the instant action from going forwarded. The Defendant argues that the matter of judicial estopple as applied to Yerk personally was not been adjudicated. Whether or not the doctrine of judicial estopple has been adjudicated to Yerk personally or applies to the instant case is irrelevant to this Request for Admission. Whether or not Yerk was represented by counsel at his Chapter 13 bankruptcy proceeding is simply a question of fact and nothing more. The Request is deemed admitted.

### *(2) Interrogatories*

The Defendant also moves the Court to compel better responses to Interrogatories numbers 4 and 5. The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

The Plaintiff again objected to the Interrogatories but then served an answer. As noted above, whenever an answer accompanies an objection, the objection is deemed waived, and the

answer, if responsive, stands. <u>Mann</u>, 2009 WL 6409113 at* 2 -3. Therefore, the Plaintiff's objections offered in conjunction with an answer to the interrogatories are deemed waived by the Court.

Interrogatory number 4 states as follows:

> [b]eginning from your date of resignation from the Lee County Sheriff's Office, and continuing up to the present, describe in detail every attempt, either formally or informally, by you to find either full-time or part-time employment with any other employer or to engage in business or provide services for compensation, providing for each such employer that you sought employment and/or for each business engaged in, its name, address and telephone number, and the result of each application or the date you engaged in any business.

The Plaintiff responded that Yerk has held several jobs since his "constructive termination" and made a brief list of those places he had applied or was employed.  The Plaintiff stated that the remaining information would be provided at Yerk's deposition.

The Plaintiff's response is insufficient.  The Plaintiff must, to the best of his ability, provide the responses to the Defendant's interrogatory by providing a list of places Yerk applied for employment along with the requested relevant contact information.

Interrogatory number 5 reads in pertinent part:

> [b]eginning from your date of resignation from the Lee County Sheriff's Office, and continuing up to the present, please identify, as defined more fully herein, every source of income of any type received by you or accruing to you (including, but not limited to, wages, fees, business income or receipts, unemployment compensation, workers' compensation, social security or other similar payments, benefits or disability benefits), and with respect to each such source of income, identify the person paying or providing the income or funds, the total amount you received or to which you became entitled, the specific time period you received such funds, whether you are currently receiving such funds and the length of time you will receive such funds.

The Plaintiff stated that Yerk had received income from a variety of sources since his "constructive termination."  He then lists places of employment without providing the requested financial information.

The Plaintiff is claiming lost wages in his Complaint and as such good cause exists to compel the Plaintiff to produce the requested financial information.

### (3) Sanctions

The Defendant also moves the Court for sanctions.  As grounds, the Defendant provides the Court with a list of what it considers to be discovery violations and improper conduct.  Likewise, the Plaintiff spends a good deal of time in his Response making disparaging remarks about the Defendant's behavior in this case.  Pursuant to Local Rules of Discovery "[d]iscovery in this district should be practiced with a spirt of cooperation and civility. M.D. Fla. Discovery Rule I(A)(1). Based upon the Court's review of recent Motions, neither the Plaintiff's nor the Defendant's actions comply with the Local Rules.  The Court recommends that in future Motions, the Parties spend more time briefing the issues and the supporting their positions with the relevant law and facts than spending useless pages attacking one another.  Since neither Party seems to possess the desired spirit of cooperation and civility, the Court does not find good cause to impose sanctions. See Reedy v. Lull Engineering Co., Inc., 137 F.R.D. 405, 409 (M.D. Fla. 1991) (holding that under Rule 37, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust.").

Accordingly, it is now

**ORDERED:**

The Defendant, PETA's Motion to Compel Discovery and Determine Sufficiency of Response to Request for Admissions and for Sanctions (Doc. #110) is **GRANTED in part and DENIED in part.**

(1) The Defendant's Motion to Compel Admissions 5, 10 and 12 is **GRANTED**.  Request for Admissions numbers 5, 10 and 12 are hereby deemed **ADMITTED** with the qualification regarding Admission number 10, that the Plaintiff denies that he resigned but was instead "constructively terminated."

(2) The Defendant's Motion to Compel Admissions 8 and 9 is **DENIED.**  Request for Admissions numbers 8 and  9 are hereby deemed as **DENIALS** with the qualification that the Plaintiff denies that he resigned but was instead "constructively terminated."

(3) The Defendant's Motion to Compel Better Responses to Interrogatories is **GRANTED**.

  The Plaintiff has up to and including **Monday, May 20, 2011**, to provide the information sought by the Defendant's in Interrogatories numbers 4 and 5.

(3) The Defendant's Motion for Sanctions is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>  29th  </u> day of April, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record