# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

ROBERT E. TARDIF, JR., as Trustee for Jason Yerk,

                Plaintiff,

-vs-                                                      Case No. 2:09-cv-537-FtM-29SPC

PEOPLE for the ETHICAL TREATMENT of ANIMALS, a Virginia not-for-profit corporation,

                Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Deposition and/or Motion for Leave to Take Depositions in Excess of 10 (Doc. # 130) filed on May 27, 2011. Defendant filed its Response in Opposition to Plaintiff's Motion to Compel Deposition and/or Motion for Leave to Take Deposition in Excess of 10 (Doc. # 131) on June 6, 2011. Plaintiff moves to take additional depositions because Defendant failed to produce a corporate witness with proper knowledge of the creation, formation, design, and content of Defendant's webpage. Defendant argues that Plaintiff has exceeded its deposition limit.

*FED. R. CIV. P. 30 – Depositions Limit and Corporate Witnesses*

Counsel seeks permission to exceed the limit of ten (10) depositions imposed by Fed. R. Civ. P. 30(a)(2)(A) and Local Rule 3.02(b). The Rule clearly establishes that more than ten (10) depositions may be taken by mutual agreement of the parties, however, the Federal and Local Rules limit the number of depositions to ten (10) depositions per side unless authorized by the

Court. Fed. R. Civ. P. 30(a)(2)(A); In Re Complaint of Moboro Marine, Inc., 2003 WL 22006257 (M.D. Fla. March 24, 2003) (citing M.D. Fla. Local Rule 3.02(b)).

With respect to the requested additional depositions, it has been held that a party seeking to exceed the presumptive number of depositions must make a particularized showing of why the discovery is necessary. Baker County Medical Svcs., Inc. v. Summit Smith, L.L.C., 2007 WL 114000 (M.D. Fla. Jan. 10, 2007) (internal quotations omitted). Such a showing is necessary in light of Rules 30(a)(2)(A) and 31(a)(2)(A), which require consideration of the principles stated in Rule 26(b)(2) in determining whether to grant leave to take more than ten (10) depositions. Baker County Medical Svcs., 2007 WL 114000 at * 1. Under Rule 26, the Court must determine whether the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Id. (citing Fed. R. Civ P. 26(b)(2)(C)).

The Plaintiff moves the Court for leave to exceed its ten (10) deposition limit in his Motion to Compel Deposition and/or Motion for Leave (Doc. # 130). In the Motion, Plaintiff argues that the limit of ten (10) depositions has not been met based on its own calculations. Based on this statement, it appears that the Motion contains substantial internal conflict as to the relief Plaintiff is requesting. Nevertheless, the court will grant leave to take one (1) additional deposition after considering the importance of the proposed discovery in resolving the issues of

this case.

In regards to deposing corporate representatives the Court follows Fed. R. Civ. P. 30, which provides in pertinent part:

> [a] party may in the party's notice and in a subpoena name as the deponent A public or private corporation or a partnership or association or government agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6).

The Plaintiff served Defendant a notice for deposition pursuant to Fed. R. Civ. P. 30(b)(6) which stated, "[b]etween the time period of January 1, 2008 to present, Defendant's corporate representative(s) with the most knowledge of the creation, formation, design and content of the webpage." While Defendant produced a corporate representative as a result of that notice, the representative did not have proper knowledge of Defendant's website as required by law. Therefore, the Court concludes there is good cause to grant leave for Plaintiff to depose another witness who has specific knowledge of the website's creation, formation, design, and content and that Defendant shall have thirty (30) days from the date of this order to produce a (30)(b)(6) witness.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Compel Deposition and/or Motion for Leave to Take Depositions in

Excess of 10 (Doc. #130) is **GRANTED**. Defendants have until **July 13, 2011** to produce a Fed. R. Civ. P. 30(b)(6) witness for deposition. The deposition is limited in scope to the Defendant's website formation and maintenance.

**DONE AND ORDERED** at Fort Myers, Florida, this   13th    day of June, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record