IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ROBERT E. TARDIF, JR. AS TRUSTEE :
FOR JASON YERK, :
  :
   Plaintiff, :
  :
v. : Case No. 2:09-cv-00537-JES-SPC
  :
PEOPLE FOR THE ETHICAL :
TREATMENT OF ANIMALS, :
a Virginia not-for-profit corporation, :
  :
   Defendant. :
_____ :

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Defendant respectfully responds to Plaintiff's Motion for Leave to File Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment and states:

First, Plaintiff seeks a 15 page reply to cite portions of the record rebutting disputed matters. Plaintiff has already filed a 24 page motion for summary judgment consisting of citations to the record, various accusations and insults, and no legal authority whatsoever. Despite the requirements of the Amended Case Management and Scheduling Order (Doc. 73) that the motion include a **concise** statement of material facts and memorandum of law, Plaintiff's motion contains neither. This failure "in itself provides sufficient reason" for the Court to deny the motion. *See Center Capital Corp. v. Gulfstream Crane LLC*, 2009 U.S. Dist. LEXIS 122203 *37 (S.D. Fla. 2009). Indeed, since Fed. R. Civ. Pro. 56 requires a showing that Plaintiff "is entitled to judgment as a matter of law" and Local Rule 3.01(a) requires a memorandum of legal authority in all motions, Plaintiff's motion shows no legal support and is in violation of the Federal

Rules, the Local Rules, and the Court's Order. Where a plaintiff requests summary judgment and, in violation of the rules, the motion is unsupported by a legal memorandum or statement of material facts, "it constitutes a bare assertion of a right to summary judgment and will receive no further attention." *Victoria v. O'Neill*, 688. F. Supp. 84, n.1 (D. Conn 1988).

Second, the reason that Plaintiff's motion for partial summary judgment does not comply with the Rules and Orders of this Court is that it is not a summary judgment motion at all, but rather a copy of another motion. Plaintiff re-filed his previously-stricken motion to strike (Doc. 115) on April 8, 2011 as a motion to strike Defendant's pleadings for fraud on the Court and/or motion for sanctions. This was a frivolous and sanctionable motion as shown by Defendant's response (Doc. 121). A comparison of that motion to strike (Doc. 115) and Plaintiff's motion for partial summary judgment (Doc. 139) shows that the first 40 numbered paragraphs of the motion for partial summary judgment (Doc. 139) are copied from the motion to strike (Doc. 115). The partial summary judgment motion then skips several paragraphs in the motion to strike and then copies the last 3 paragraphs. The only addition in the partial summary judgment motion is paragraph 44 (which seeks to incorporate the identical motion to strike) and the WHEREFORE clause. Thus, the preparation of the summary judgment motion likely took all of 5 minutes, but is causing a much greater waste of judicial resources. Plaintiff's motion for summary judgment is completely improper and should be stricken.

Third, Plaintiff's request to file a total of 39 pages of record citations with no legal authority is completely improper. Defendant objected to Plaintiff's request to file a reply in conferral because Plaintiff had provided no legal authority as required and it

would be improper for Plaintiff to attempt to now provide legal authority through the device of a reply. Plaintiff apparently recognized the validity of that position and asks only to file "portions of the record" in rebuttal. However, not only is 39 pages of conflicting record citations improper, but regardless of Plaintiff's citations, the existing legal authority conclusively establishes that Plaintiff has no enforceable confidentiality agreement to conceal information from and to interfere with an investigation of the Lee County Sheriff's Office (LCSO), and summary judgment should be entered against Plaintiff on his claim. Plaintiff cites no legal authority for his alleged contract to conceal from LCSO because there is none. Confidentiality agreements are not enforceable to preclude discovery of the truth by law enforcement in an official investigation or even by private parties in civil litigation, because it is contrary to strong public policy. *See Nestor v. Posner-Gerstenhaber*, 857 So.2d 953, 955 (Fla. 3d DCA 2003) ("Contractual confidentiality agreements, however, cannot be used to adversely interfere with the ability of nonparties to pursue discovery in support of their case"); *Scott v. Nelson*, 697 So.2d 1300, 1301 (Fla. 1st DCA 1997) (confidentiality agreements "which suppress evidence violate the greater public policy"); *Neiman v. Naseer*, 47 So.3d 954, 955 (Fla. 4th DCA 2010) ("confidentiality agreements … may not be subsequently employed by a litigant to … thwart an opponent's discovery"); *Smith v. TIB Bank of the Keys*, 687 So.2d 895 (Fla. 3d DCA 1997) (same); *City of Homestead v. Rogers*, 789 So.2d 483 (Fla. 3d DCA 2001) (same); *Gutter v. E.I. DuPont de Nemours & Co.*, 2001 U.S. Dist. LEXIS 9706, *5 (S.D. Fla. 2001) ("Citing public policy concerns, a number of courts have held that such confidentiality provisions will not be utilized as a shield to obstruct the discovery process"). This is true even where, unlike here, the confidentiality agreement

was an actual documented agreement reached for legitimate purposes supported by other public policies. *See, e.g., Scott, supra* (where confidentiality agreement is in a settlement agreement there is a "strong public policy favoring settlement" but there is a "greater public policy" against suppressing evidence). *See also Camp v. Eichelkraut*, 246 Ga. App. 275, 286 (Ga. App. 2000) (since public policy does not permit confidentiality agreements to keep discoverable matters secret in litigation, "then with **greater force**, that public policy does not permit parties to enter into an enforceable agreement to keep arguably criminal matters secret in the face of an official investigation"; voluntary provision of information upon questioning by police must be permitted and is implied to avoid running afoul of public policy).

    Accordingly, Plaintiff's request to file a reply should be denied. Plaintiff has filed a 24 page motion for partial summary judgment and a 20 page response to Defendant's motion for summary judgment. These 44 pages of memoranda consist of over 40 pages of fact citations and opinions of Plaintiff's counsel. There is no legal authority whatsoever in the 44 pages in support of Plaintiff's claim. Filing another 15 pages of record citations is improper, unwarranted and immaterial. The motion for a reply should be denied and Defendant respectfully requests the Court to rule on the legal issue before it and award summary judgment to Defendant.

Respectfully submitted,

By: s/ Robert D. Hall, Jr.
    Robert D. Hall, Jr.

| | |
|---|---|
| Philip J. Hirschkop | Florida Bar No. 186760 |
| Virginia Bar No. 04929 | rhall@fordharrison.com |
| pjhirschkop@aol.com | Shannon L. Kelly |
| HIRSCHKOP & ASSOCIATES, P.C. | Florida Bar No. 646830 |
| 908 King Street | skelly@fordharrison.com |
| Suite 200 | FORD & HARRISON LLP |
| Alexandria, Virginia  22314-3047 | 101 E. Kennedy Boulevard, Suite 900 |
| Telephone:  (703) 836-5555 | Tampa, Florida 33602 |
| Facsimile:  (703) 548-3181 | Telephone:  (813) 261-7800 |
| | Facsimile:   (813) 261-7899 |

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on July 11, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to Jose Font and Evan A. Zuckerman, Vernis & Bowling of Broward, P.A., 5821 Hollywood Blvd., First Floor, Hollywood , FL 33021.

                                        s/ Robert D. Hall, Jr.
                                        Attorney

TAMPA:306546.1