# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

ROBERT E. TARDIF, JR., as Trustee for Jason
Yerk,

                    Plaintiff,

-vs-                                                    Case No.  2:09-cv-537-FtM-29SPC

PEOPLE for the ETHICAL TREATMENT of
ANIMALS, a Virginia not-for-profit corporation,

                    Defendant.

_____

## <u>ORDER</u>

    This matter comes before the Court on the Plaintiff , Robert E. Tardiff, Jr. as Trustee for

Jason Yerk's Motion for Leave to File a Response In Excess of Twenty Pages (Doc. #147 ) filed on

July 5, 2011.  The Defendant filed its Response in Opposition (Doc. # 148) on July 6, 2011.  The

Plaintiff also filed a Motion for Leave to File a Reply (Doc. # 149) on July 8, 2011.  The Defendant

filed a Response in Opposition (Doc. # 150) on July 11, 2011.  The Motions are now ripe for the

Court's review.

    The Plaintiff moves the Court to supplement his Response to the Defendant's Motion for

Summary Judgment with an additional ten (10) pages.  The Plaintiff states that the Defendant's

Motion for Summary Judgment is complex and he needs the additional pages to fully respond.  The

Defendant objects to the supplement arguing that the Plaintiff misused the pages allowed under the

Rules by filing "a largely non-responsive prolix recitation of facts encompassing about 17 to 20

pages."  The Defendant further objects arguing that the Plaintiff filed his motion for leave at

11:53pm on the day his response was due, July 5, 2011.  The Plaintiff argues that he attempted to

contact the Defendant in compliance with M.D. Fla. Local Rule 3.01(g), four (4) days before the

response was due, but the Defendant did not reply until the day the response was to be filed.  The

Defendant states that it replied on the next business day after the July 4, 2011 holiday weekend.  The

Plaintiff attempted to confer on Friday, July 1, 2011, but was unable to reach the Defense Counsel.

The Defense Counsel replied on July 5, 2011, the next business day after the holiday and also the

day the response was due to be filed.

   While the Plaintiff attempted to contact the Defendant, a mere attempt to confer does not

comply with the Local Rules. The Local Rule reads in pertinent part:

> [b]efore filing any motion in a civil case, except a motion for injunctive
> relief, for judgment  on the pleadings, for summary judgment, to dismiss or
> to permit maintenance of a class action, to dismiss for failure to state a claim
> upon which relief can be granted, or to involuntarily dismiss an action, the
> moving party shall confer with counsel for the opposing party in a good faith
> effort to resolve the issues raised by the motion, and shall file with the motion
> a statement (1) certifying that the moving counsel has conferred with
> opposing counsel and (2) stating whether counsel agree on the resolution of
> the motion.  *A certification to the effect that opposing counsel was
> unavailable for a conference before filing a motion is insufficient to satisfy
> the parties' obligation to confer.  The moving party retains the duty to
> contact opposing counsel expeditiously after filing and to supplement the
> motion promptly with a statement certifying whether or to what extent the
> parties have resolved the issue(s) presented in the motion.*

M.D. Fla. Local Rule 3.01(g) (emphasis added).  The Court notes the Plaintiff does seem to be

struggling in his efforts to comply with the Court's Local Rules.  Although, the Plaintiff did make

an effort to file a proper Motion for Leave to Enlarge the Page Limit. However, the Plaintiff failed

to present good cause to grant the Motion on the merits. The Motion is therefore, due to be denied.

   The Plaintiff also filed a Motion for Leave to File a Reply Brief.  The Plaintiff moves the

Court for leave to file a fifteen (15) page reply.  The Defendant objects to the Motion arguing the

Plaintiff filed a twenty-four (24) page Motion for Partial Summary Judgment, without the proper citation to legal authority and now seeks to supplement legal authority in that Motion with a reply brief.  Thus, the Defendant argues that the Plaintiff is attempting in reality to file a thirty-nine (39) page Motion for Summary Judgment.

Under the Local Rules of the Middle District of Florida, "No party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave." M.D. Fla. Local Rule 3.01(c).  A motion requesting leave to file . . . a reply or further memorandum shall not exceed three (3) pages, shall specify the length of the proposed filing, and shall not include, as an attachment or otherwise, the proposed motion response, reply, or other paper. Torrence v. Pfizer, Inc., 2007 WL 788368 *1 (M.D.Fla. March 14, 2007) (citing M.D. Fla. Local Rule 3.01(d)).  The purpose of a reply brief is to rebut any new law or facts contained in the oppositions response to a request for relief before the Court.

The Plaintiff states that his reply brief would allow him to cite the appropriate portions of the record which undisputedly rebut the putative factual disputes set forth by the Defendant in its response to the Plaintiff's Motion for Summary Judgment.  The Plaintiff does not allege that there is a new matter of law or fact argued in the Defendant's Response, but merely a dispute as to what those facts mean in this case.  In essence he wants to argue his position on the facts presented by the Defendant.  As such, the Plaintiff's Motion fails to rise to the level required by the Local Rules to file a reply brief and the Motion is due to be denied.

Accordingly, it is now

**ORDERED:**

(1) The Plaintiff , Robert E. Tardiff, Jr. as Trustee for Jason Yerk's Motion for Leave to File a Response In Excess of Twenty Pages (Doc. #147 ) is **DENIED**.

(2) The Plaintiff,  Robert E. Tardiff, Jr. as Trustee for Jason Yerk's Motion for Leave to File a Reply (Doc. # 149) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of July, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

-4-