```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ROBERT E. TARDIF, JR., as Trustee
for Jason Yerk,

                Plaintiff,

vs.	Case No. 2:09-cv-537-FtM-29SPC

PEOPLE for the ETHICAL TREATMENT of
ANIMALS, a Virginia not-for-profit
corporation,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Reconsideration in Context of Final Pretrial Proceedings of Partial Denial of Summary Judgment in Favor of Defendant (Doc. #186) filed on November 14, 2011. Plaintiff filed a response (Doc. #190) on November 28, 2011. Defendant requests reconsideration "due to the need to avoid clear error in the legal underpinning" of the Court's November 4, 2011 Opinion and Order (Doc. #179) which granted in part and denied in part the defendant's motion for summary judgment.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)(citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73

(M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." <u>PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.</u>, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. <u>Taylor Woodrow</u>, 814 F. Supp. at 1073; <u>PaineWebber</u>, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." <u>Taylor Woodrow</u>, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." <u>Quaker Alloy Casting Co. v. Gulfco Indus., Inc.</u>, 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." <u>Mannings v. Sch. Bd. of Hillsborough Cnty.</u>, 149 F.R.D. 235, 235 (M.D. Fla. 1993). Unless the movant's arguments fall into certain limited categories, a motion to reconsider must be denied.

Under Rule 59(e), courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in

controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). With one exception, defendant's motion for reconsideration merely reargues the merits of its position or articulates new arguments that could have been raised in its original motion. Defendant does not contend that there has been an intervening change in controlling law. Similarly, defendant does not contend that any of its new arguments are based on new evidence. To the extent that defendant contends that reconsideration is necessary to correct clear error, the Court disagrees and concludes that defendant has not satisfied the standard outlined above. Based upon Melendres v. State, 739 So. 2d 1237, 1238 (Fla. 3d DCA 1999)(finding that police internal affairs investigation is an official proceeding), the Court will strike footnote three in the Opinion and Order. (Doc. #179, p. 11.) The Court will not, however, change the substance of its prior ruling.

Accordingly, it is now

**ORDERED**:

Defendant's Motion for Reconsideration in Context of Final Pretrial Proceedings of Partial Denial of Summary Judgment in Favor of Defendant (Doc. #186) is **GRANTED** to the extent that footnote three is hereby stricken; the motion is otherwise **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this  1st  day of December, 2011.

                                                              JOHN E. STEELE
                                                             United States District Judge

Copies: Counsel of record