UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT E. TARDIF, JR., as Trustee
for Jason Yerk,

        Plaintiff,

vs.                Case No.  2:09-cv-537-FtM-29SPC

PEOPLE for the ETHICAL TREATMENT of
ANIMALS, a Virginia not-for-profit
corporation,

        Defendant.
_____

### OPINION AND ORDER

    This matter comes before the Court on five sets of post-trial motions.  First is Defendant's Motion for a Stay Pursuant to Fed. R. Civ. P. 62(b) (Doc. #247), to which Plaintiff's Response (Doc. #260) was filed, as well as Defendant's Notice of Filing Objective Evidence of Ability to Pay Judgment (Doc. #261).  Second is Defendant's Renewed Rule 50 Motion for Judgment as a Matter of Law (Doc. #255) and Notice of Correction (Doc. #259), to which Plaintiff's Response (Doc. #263) and Notice of Filing (Doc. #264) were filed, as well as Defendant's Notice of Supplemental Authority (Doc. #266).  Third is Defendant's Renewed Motion to Apply Judicial Estoppel to Judgment and/or Modify Jury Verdict and Judgment (Doc. #256), to which Plaintiff's Response (Doc. #262) was filed, as well as Defendant's Notice of Supplemental Authority (Doc. #265). Fourth is Plaintiff's Motion for Attorney's Fees (Doc. #252), to which Defendant's Response (Doc. #258) was filed.  Fifth is

Plaintiff's Motion for Taxation of Costs (Docs. ##253, 254), to
which Defendant's Response (Doc. #257) was filed.

**I.**

A Rule 50 judgment as a matter of law is appropriate when
there is no legally sufficient evidentiary basis for a reasonable
jury to find for the non-moving party. Optimum Techs., Inc. v.
Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1251 (11th Cir.
2007).  "[I]n deciding on a Rule 50 motion a district court's
proper analysis is squarely and narrowly focused on the sufficiency
of evidence." Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th
Cir. 2007).  As such, "[t]he jury's findings should be excluded
from the decision-making calculus on a Rule 50(b) motion, other
than to ask whether there was sufficient evidence, as a legal
matter, from which a reasonable jury could find for the party who
prevailed at trial." Id. at 1228.  The Court looks at the record
evidence drawing all inferences in favor of the nonmoving party.
Nurse "Be" v. Columbia Palms W. Hosp. L.P., 490 F.3d 1302, 1308
(11th Cir. 2007).  A jury verdict "must be left intact if there is
evidence from which the decision maker . . . reasonably could have
resolved the matter the way it did." Rodriguez v. Farm Stores
Grocery, Inc., 518 F.3d 1259, 1264 (11th Cir. 2008).  Even if the
evidence would have supported a verdict for the losing party,
"[t]he issue is not whether the evidence was sufficient for [the

losing party] to have won, but whether the evidence was sufficient for it to have lost." Id.

Defendant asserts that: (1) the Florida "Wrongful Conduct" doctrine prohibits plaintiff from prevailing in this case; (2) there was no legally sufficient evidentiary basis to support the jury's finding that PETA's conduct proximately caused Yerk's injuries; (3) the agreement of the parties was void as a matter of law; and (4) all damages after November 19, 2008, (which in this case is all damages) are not recoverable.  To the extent that defendant argues with the Court's prior opinions as to various legal issues, the Court finds that neither the evidence at trial nor the current arguments provide a basis for the Court to change its decisions.  The Court also finds that the evidence is sufficient under the standard set forth above to support the jury's verdict.  The Renewed Rule 50 Motion for Judgment as a Matter of Law (Doc. #255) is denied.

## II.

In its renewed motion to apply judicial estoppel, PETA re-asserts its position that judicial estoppel is a complete bar to the action, or, in the alternative, should reduce the amount of the judgment to that amount of money necessary to make the creditors whole.  Plaintiff argues that judicial estoppel does not apply because state law governs, and if judicial estoppel does apply, Yerk took no actions which justify its application in this case.

Additionally, plaintiff argues that the Court lacks the power to modify the judgment in the manner requested by PETA even if judicial estoppel is applicable.

Although finding that Yerk intentionally concealed the PETA claim from the Bankruptcy Court, the undersigned previously denied PETA's request for summary judgment based upon judicial estoppel. (Doc. #59.)  The undersigned also declined to rule in advance on the implications of a judgment against PETA in excess of that necessary to make the bankruptcy creditors whole.  (Doc. #67.) Contrary to the position taken by PETA, the Court continues to find, in the exercise of its discretion, that judicial estoppel does not bar this case in its entirety.  Contrary to the position taken by the Trustee, the Court also continues to find that Yerk intentionally concealed the PETA claim from the Bankruptcy Court beginning in at least April 2009.

The Court also concludes that federal law applies to the issue of whether the judgment may be modified based upon judicial estoppel, and that federal law allows the Court to modify a judgment in appropriate circumstances.  "Because judicial estoppel is an equitable doctrine, courts may apply it flexibly to achieve substantial justice . . . The challenge is to fashion a remedy that does not do inequity by punishing the innocent." Reed v. City of Arlington, 650 F.3d 571, 576 (5th Cir. 2011)(citations and quotation marks omitted); see also Ajaka v. BrooksAmerica Mortg.

<u>Corp.</u>, 453 F.3d 1339, 1344 (11th Cir. 2006). In order to adequately safeguard the integrity of the bankruptcy process while avoiding harm to innocent third-party creditors, the circumstances of this case justify a modification of the judgment to preclude Yerk from financially benefitting from his intentional non-disclosure. The Court will modify the judgment so that the plaintiff Trustee can use proceeds from the judgment to fully pay the claims of creditors and the costs of the proceedings, including the reasonable attorney fees required to obtain the judgment against PETA as approved by the Bankruptcy Court, but not otherwise benefit Jason Yerk.

## III.

Defendant's Motion for a Stay Pursuant to Fed. R. Civ. P. 62(b) (Doc. #247) will be denied as moot because the underlying motions have now been decided.

## IV.

Plaintiff's Motion for Attorney's Fees (Doc. #252) will be denied. Plaintiff requests sanctions pursuant to Fed. R. Civ. P. 37(c)(2) for failure to admit requests made pursuant to Rule 36. Plaintiff also requests fees under Fed. R. Civ. P. 56(h) for the submission of a declaration without first-hand knowledge by the declarant. The Court essentially agrees with PETA's response (Doc. #258), and finds that plaintiff has not established an entitlement to attorney fees under these provisions.

-5-

**V.**

Under Fed. R. Civ. P. 54(d), costs "should be allowed to the prevailing party" unless the court provides otherwise. Fed. R. Civ. P. 54(d)(1). These include, for example, fees "for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Deposition costs "merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only," are not recoverable. EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000)(citations omitted). However, taxation of deposition costs for witnesses on the losing party's witness list is reasonable, as are costs for depositions submitted in support of summary judgment. Id. at 621. Defendant objects to the inclusion of mediation costs, a video-teleconference for the convenience of plaintiff, a video of a deposition, depositions not necessarily obtained for use in this case, and other fees as unnecessary or duplicative. Although plaintiff submitted a Time and Expense Details (Doc. #254), no supporting memorandum or detailed billing records were submitted in support of the request for costs. The objections are addressed below.

Although mediation costs are not recoverable under 28 U.S.C. § 1920, the costs are recoverable under the Court's Amended Case Management and Scheduling Order. "Upon motion of the prevailing party, the party's share may be taxed as costs in this action." (Doc. #73, IV. E.) Therefore, the mediation costs of $525.00 are

taxable and may be listed as an "Other cost" and itemized separately on the Bill of Costs.

The Time and Expense Details (Doc. #254) reflect $1,740.00 for a "videoteleconference of Stephanie Bell, Martin Mersereau" and $932.50 for the "videotaped deposition of Stephanie Bell and Martin Mersereau."   The Court agrees that the cost of the video-teleconference was not necessarily obtained for use in the case, but for the convenience of the parties.   Therefore, the $1,740.00 in costs will be eliminated.

Defendant also objects to video depositions that were taken of individuals, along with the production of deposition transcripts. The Time and Expense Details do not reveal a corresponding transcript in addition to the videotaped depositions of Stephanie Bell and Martin Mersereau, and the docket also does not reflect that these individuals testified or that their depositions were submitted in support of summary judgment motions.   The Court agrees that the following costs should be eliminated:

| 2/16/2011 | $662.50 |
| 2/17/2011 | $1,100.00 |
| 5/20/2011 | $932.50 |

Defendant objects to the multiple party deposition entries without a breakdown of charges for each individual.   The Court agrees that the entry for 3/2/2011 lumps 3 individuals together, with one of the individuals having a second entry for an additional

deposition on 1/18/2012 when it is not immediately apparent why 2 depositions of Melanie Yerk were required, therefore the objection is sustained.  The entry for 12/8/2011 is not duplicated, however 2 individuals (Heidi Baer and Suzan Hartmann) are listed without a breakdown of costs and their relevance in this case is not immediately apparent without supporting documentation.  Therefore, these depositions will not be taxed.

Defendant also objects to the charges for other depositions where the total cost is listed and sometimes for multiple depositions.  The Court will permit the deposition transcript of Kristin DeJournett (2/16/2011), which is not duplicated after the elimination of the video deposition, and because the deposition was submitted to the Court in conjunction with summary judgment motions.  The Court finds the deposition transcripts for Christina Wheeless, Daphna Nachminovitch, Katryn Rairden, Lieutenant Jeffrey Trustal, and Matthew Bonsall are also appropriately taxed because they were filed for use in this case in relation to summary judgment motions and because the individuals testified at trial. The deposition of plaintiff may also be taxed as long as the deposition was reasonably necessary, W & O, Inc., 213 F.3d at 622, which the Court finds was necessary in this case.  As these depositions are all properly taxable and were necessary for use in the case, the Court will permit the costs to be taxed without a

breakdown of the billing.  Therefore, the Court will tax deposition costs in the amount of $6,075.45.

Defendant also objects to other miscellaneous fees.  The Court agrees that the records request, filing fee, and processing fees with the Lee County Sheriff's Office are not recoverable and should be eliminated as taxable costs.  The Court agrees that the miscellaneous charges associated with Heikkila should also be eliminated.  It would appear that the process services and witness fees are for depositions that were cancelled, and therefore the costs are not recoverable and will be eliminated.  The Court will also sustain the objection as to appearance fees for untranscribed depositions on 5/11/2011, 5/20/2011 and 6/27/2011.

Costs incurred as a result of private process servers may be taxed under Title 28, United States Code, Section 1920(1), so long as the amount does not exceed the limitations under Section 1921.  W & O, Inc., 213 F.3d at 624.  See also 28 U.S.C. § 1921 (a court may tax costs for serving a subpoena or summons).  The Court will sustain the objection for subpoenas quashed or found improper.  The Court will however tax costs for witnesses served with process as potential trial witnesses, regardless of whether they presented testimony.  This amount will be separated from the deposition costs and taxed in the amount of $240.00.  The Court will also permit witness fees for those individuals who did appear and testify, but exclude those who did not testify listed for 1/16/2012.  See 28

U.S.C. § 1821(b) (a witness attending court or a deposition shall be paid a $40.00 attendance fee per day plus travel expenses). Defendant did not object to the mileage for Daphna Nachminovitch or the attendance fee for Heidi Baer.

Accordingly, it is now

**ORDERED:**

1.   Defendant's Motion for a Stay Pursuant to Fed. R. Civ. P. 62(b) (Doc. #247) is **DENIED** as moot.

2.   Defendant's Renewed Rule 50 Motion for Judgment as a Matter of Law (Doc. #255) is **DENIED.**

3.   Defendant's Renewed Motion to Apply Judicial Estoppel to Judgment and/or Modify Jury Verdict and Judgment (Doc. #256) is **DENIED** as to the request to bar the action and is **GRANTED IN PART** as to the request to modify the judgment, and is otherwise **DENIED.**

4.   The Clerk of the Court shall enter an Amended Judgment adding the following provision: "Plaintiff may enforce and execute on this Amended Judgment to the extent necessary to pay all claims allowed in Bankruptcy Court Case No. 9:09-bk-01818-ALP in their entirety, the costs of the administration of the Chapter 7 proceedings, and reasonable attorney fees expended by the Trustee to obtain the judgment against People for the Ethical Treatment of Animals in the instant case, all as approved by the Bankruptcy Court.   If there is any excess amount left under the Amended Judgment, Trustee may not enforce or execute on that portion of the

Amended Judgment and the excess amount may not be collected on behalf of or disbursed to Jason Yerk."

5.   Plaintiff's Motion for Attorney's Fees (Doc. #252) is **DENIED**.

6.   Plaintiff's Motion for Taxation of Costs (Docs. #253, 254) is **GRANTED IN PART AND DENIED IN PART** as set forth above.  The Clerk shall tax costs pursuant to the attached Amended Bill of Costs.

**DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of August, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record